**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| Kitwana Ramadhani Manenoh,<br><br>　　　　　Petitioner,<br><br>v.<br><br>USCIS and Denise Frazier,<br><br>　　　　　Defendants. | Civ. No. 08-652 (JRT/JJK) |
| Kitwana Ramadhani Manenoh,<br><br>　　　　　Petitioner,<br><br>v.<br><br>USCIS Director, USCIS District Director, DHS Secretary, ICE Assistant Secreatary, and ICE Field Office Director,<br><br>　　　　　Respondents. | Civ. No. 08-2450 (JRT/JJK)<br><br>**JOINT REPORT<br>AND RECOMMENDATION** |

Kitwana Ramadhani Manenoh, #A99 659 601, 1701 North Washington Street, Grand Forks, ND, 58203, *pro se*.

Friedrich A. P. Siekert, Esq., Assistant United States Attorney, counsel for Respondents in Civ. No. 08-2450 (JRT/JJK).

Lonnie F. Bryan, Esq., Assistant United States Attorney, counsel for Defendants in Civ. No. 08-652 (JRT/JJK).

United States Magistrate Judge Jeffrey J. Keyes

## I.     INTRODUCTION

In these related matters, Petitioner Kitwana Ramadhani Manenoh seeks: (1) in Civ. No. 08-652 (JRT/JJK), an order compelling the United States Customs and Immigration Service ("USCIS") to render a decision on Petitioner's application for immediate relative status; and (2) in Civ. No. 08-2450 (JRT/JJK), a writ of habeas corpus pursuant to 28 U.S.C. § 2254 releasing him from the custody of the Immigration and Customs Enforcement ("ICE").  These matters have been referred to the undersigned United States Magistrate Judge for a Report and Recommendation to the District Court.  *See* 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, this Court recommends that the Petitions in both cases be denied.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

These cases involve similar—often identical—facts, but in each, Petitioner seeks different relief.  Petitioner is a citizen and national of Tanzania. (Habeas Doc. No. 13,[1] Administrative Record ("Habeas Admin. R.") 6.)  He was admitted to the United States on August 14, 2001, in New York City on a student visa to attend Herkimer Community College ("HCC"). (*Id.*)  Although he was apparently

---

[1]  When citing to the record, this Court will refer to documents in the case file for Civ. No. 08-2450 (JRT/JJK) with the prefix "Habeas," and to documents in the case file for Civ. No. 08-652 (JRT/JJK) with the prefix "Mandamus."

admitted to attend HCC for a longer period of time, he did not continue attendance after January 2002.  (*Id.*)

The record is bare with respect to Petitioner's whereabouts and behavior for the two-year period following the abandonment of his education at HCC. However, on October 1, 2004, the record reflects that Petitioner began developing a criminal history with his arrest by the Bloomington Police Department.  (*Id.* at 22.)  This criminal history, which included charges for several felonies (*Id.* at 9, 14), involved Petitioner's incarceration in Duluth, Minnesota, on a criminal charge of theft during late 2006.  (*Id.* at 7.)

On December 26, 2006, immigration officials presented Petitioner with a notice to appear in a removal proceeding because he "failed to maintain or comply with the conditions of the nonimmigrant status under which [he was] admitted"—in other words, Petitioner failed to continue attending HCC. (Habeas Admin. R. 2-4; Mandamus Doc. No. 17, Administrative Record ("Mandamus Admin. R.") 143.)  That same day, immigration authorities ordered Petitioner released on a $20,000 bond.  But on January 17, 2007, on reconsideration of Petitioner's custody status, immigration authorities ordered Petitioner detained.  (Habeas Admin. R. 5.)  Around the same time, an immigration judge denied Petitioner's request for a change in his custody status on the grounds that the immigration court lacked jurisdiction to set a bond as Petitioner was subject to mandatory detention under section 236(c) of the Immigration and Nationality Act.  (*Id.* at 28.)

3

Prior to the immigration authorities' detention decision regarding Petitioner, and while removal proceedings were pending against him, Petitioner's wife, Sherita Williams, petitioned the USCIS to have Petitioner classified as an immediate relative (the "immediate-relative petition"). (*Id.* at 30; Mandamus Admin. R. 121.) The immediate-relative petition claimed that Sherita and Petitioner had been married on November 28, 2006, in Duluth, Minnesota. This marriage took place while Petitioner was incarcerated in Duluth on the theft charge discussed above. (Mandamus Admin. R. 121, 126, 143, 151.) Because it appeared to USCIS officials that the date and signatures on the marriage certificate submitted in support of the immediate-relative petition had been altered (*Id.* at 143), the petition was referred to fraud officials within the USCIS for their review on April 24, 2007. (*Id.* at 148-50.)

The record shows that there was significant delay in USCIS's ruling on the immediate-relative petition. The interview with Petitioner and Sherita was initially rescheduled from March 2007 to April 2007. (Mandamus Admin. R. 9-10.) In May 2007, the USCIS requested more evidence in support of Sherita's immediate-relative petition. (*Id.* at 153-54.) The immigration judge presiding over the removal proceedings against Petitioner continued his removal hearing approximately 25 times from January 2007 through March 2008, while waiting for the USCIS to adjudicate the immediate-relative petition. (*Id.* at 23.) Indeed, the immigration judge wrote to the USCIS on March 18, 2008, to request that the USCIS promptly adjudicate the immediate-relative petition because the

immigration judge needed resolution of that petition before the removal proceedings could move forward. (*Id.*) On March 19, 2008, USCIS Field Office Director Denise M. Frazier denied the immediate-relative petition. (*Id.* at 30-32.) The immigration judge, in turn, ordered Petitioner removed from the United States explaining that Petitioner had previously conceded removability, had not sought asylum, and was not entitled to voluntary departure. The immigration judge also explained that she could not review the denial of the immediate-relative petition by the USCIS. (Habeas Admin. R. 33-36.)

### A.   The "Mandamus Case" – Civ. No. 08-652 (JRT/JJK)

Prior to the denial of the immediate-relative petition by the USCIS, on March 10, 2008, Petitioner filed a Petition in the United States District Court for the District of Minnesota requesting this Court to compel or mandate that the USCIS adjudicate the immediate-relative petition had filed on Petitioner's behalf over a year before. (Mandamus Doc. No. 1.) On September 8, 2008, after service had been appropriately effected on all Defendants in this matter, this Court ordered Defendants to show cause why the Petition should not be granted by filing a written return on or before October 14, 2008. (Mandamus Doc. No. 13.) Defendants filed their response and submitted the underlying administrative record on September 26, 2008. (Mandamus Doc. Nos. 16-17.)

### B.   The "Habeas Case" – Civ. No. 08-2450 (JRT/JJK)

On June 17, 2008, while the petition in the Mandamus Case was pending, Petitioner filed another action in the United States District Court for the District

5

of Minnesota. In this second case, Petitioner filed a Petition for a Writ of Habeas Corpus, seeking approval of the immediate-relative petition and release from the custody of the immigration authorities. (Habeas Doc. No. 1.) Petitioner based his Petition on his "liberty interest in marriage." (*Id.* at 11.) On June 20, 2008, this Court ordered Respondents to show cause why the writ should not be granted. (Habeas Doc. No. 3.) On August 1, 2008, Respondents complied with the order to show cause and filed the underlying administrative record in the Habeas Case. (Habeas Doc. Nos. 11, 13.) In response to Respondents' submissions, Petitioner explained, by a letter to this Court, that he "still ask[s] this court to help [him] subpoena the USCIS Director to approve [his] adjustment of status application." (Habeas Doc. No. 15 at 2.)

### III.   DISCUSSION

#### A.   The Mandamus Case – Civ. No. 08-652 (JRT/JJK)

In the Petition in the Mandamus Case, Petitioner requests that the Court compel the USCIS to rule on the immediate-relative petition filed on his behalf by his wife Sherita. As explained above, USCIS Field Office Director Denise M. Frazier denied the immediate-relative petition on March 19, 2008. Thus, to the extent that Petitioner requests an order from the Court mandating a decision on the immediate-relative petition, his request for relief has been rendered moot by that decision.

Further, even if the Petition in the Mandamus Case can be read to request alternative relief, it should be denied. Specifically, it is possible to read

6

the Petition in the Mandamus Case as requesting the Court to issue an order rendering a different decision on the immediate-relative petition—in other words, Petitioner may be asking the Court to compel the USCIS to grant Petitioner immediate-relative status.  (*See* Mandamus Doc. No. 8 at 2.)[2]  Assuming that the Petition for Immediate Status Approval Pending at USCIS (Mandamus Doc. No. 1) can be so construed, Petitioner would be requesting the equitable relief of a writ of mandamus compelling the USCIS to adjudicate the immediate-relative petition in his favor.  *See Castillo v. Ridge*, 445 F.3d 1057, 1060 (8th Cir. 2006) (reviewing a petition for a writ of mandamus filed by an alien requesting adjudication of an adjustment of status application by the INS in his favor).

"The district courts have original jurisdiction over any mandamus action 'to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.'"  *Taylor v. Barnhart*, 399 F.3d 891, 894 (8th Cir. 2005) (quoting 28 U.S.C. § 1361).  "A district court may grant a writ of mandamus only in extraordinary situations and only if: (1) the petitioner can

---

[2]   On July 18, 2008, Petitioner's Motion to Ask this Court for Continuance of the Above Case (Mandamus Doc. No. 8), explained his reasons why this case should not be dismissed after he had originally failed to effect service on all Defendants.  In that motion, Petitioner explained that he was providing the reasons, as he saw them, "why this court should not dismiss this case unless . . . this court guarantees that Denise Frazier will approve [the] application that has been pending for two years."  (*Id.* at 2.)  Based on this submission, it appears that Petitioner has communicated a desire to have the Court decide the merits of the immediate-relative petition differently than the USCIS did.

establish a clear and indisputable right to the relief sought, (2) the defendant has a nondiscretionary duty to honor that right, and (3) the petitioner has no other adequate remedy." *Castillo*, 445 F.3d at 1060-61.

Even if the Petition is construed as one seeking such a writ of mandamus, he cannot succeed because he has failed to exhaust his administrative remedies. *See Taylor*, 399 F.3d at 894 (noting that mandamus relief is only available where a plaintiff has exhausted all other avenues of relief). Here, Petitioner had available to him the ability to appeal the decision of the USCIS to deny the immediate-relative petition to the Board of Immigration Appeals ("BIA"). (Mandamus Admin. R. 30.) However, Petitioner failed to avail himself of this process.[3] This Court can, therefore, only conclude that Petitioner failed to exhaust his administrative remedies before seeking a court order compelling

---

[3]   In its decision to deny Petitioner's appeal of the removal decision by the immigration judge, the BIA noted that "[Petitioner] contends that he filed an appeal of the denial of the I-130 [immediate-relative petition] on April 9, 2008, but there is no evidence in the record of this appeal." (*Id.* at 45.) By letter to this Court in September 2008, Petitioner claimed to have sent the appeal of the immediate-relative-petition denial back to the USCIS office on April 9, 2008, and asserted that the USCIS Director did not send the appeal on to the BIA. (*Id.* at 34.) Although the record confirms that Petitioner appealed the removal decision of the immigration judge in April 2008, (*Id.* at 47-49), there is no confirmation in the record that Petitioner or his wife ever appealed the USCIS decision to deny the immediate-relative status to Petitioner. Nor is there anything to substantiate Petitioner's claim that the USCIS officials received and failed to forward such an appeal to the BIA. In addition, it does not appear that Petitioner misunderstood that he was appealing the order of the immigration judge. He specifically indicated that he was seeking review of the immigration judge's decision of April 1, 2008, and described in detail why he thought the immigration judge's decision was inappropriate. (Mandamus Admin. R. 47-48.)

the USCIS to adjudicate the immediate-relative petition in his favor.  Because Petitioner has failed to exhaust the administrative remedies that were available to him, the USCIS should not be compelled to grant him the relief he requests.

Moreover, even if Petitioner had exhausted his administrative remedies, his request for a writ of mandamus would still fail because USCIS does not have a non-discretionary duty to approve the immediate-relative petition filed by Petitioner's wife.  *See Gipson v. Immigration and Naturalization Serv.*, 284 F.3d 913, 916 (8th Cir. 2002) ("Decisions whether to grant preferential immigration classification are within the discretion of the INS, acting as an arm of the attorney general.").

For these reasons, this Court recommends that the Petition in the Mandamus Case (Civ. No. 08-652 (JRT/JJK)) be denied and the case be dismissed with prejudice.

### B.     The Habeas Case – Civ. No. 08-2450 (JRT/JJK)

In the Habeas Case, Petitioner seeks to be released from the custody of immigration authorities.  (Habeas Doc. No. 1.)  Under 28 U.S.C. § 2241, the federal district courts have jurisdiction to hear Petitioner's challenge to his detention.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) (citing 28 U.S.C. § 2241(c)(3)); *Badio v. United States*, 172 F. Supp. 2d 1200, 1204 (D. Minn. 2001) (concluding that *Zadvydas* applies only to post-removal detention). However, an alien ordered removed may not use a habeas petition to challenge the validity of his removal order in district court; such a challenge must be made

9

to the appropriate court of appeals.  *See* 8 U.S.C. § 1252(a)(5) (providing that the exclusive means for review of an order of removal is through filing a petition with an appropriate court of appeals).

      Petitioner argues that his detention violates his liberty interests in his marriage including: (1) his interest in the marriage itself and preferred treatment as an immigrant that accompanies marriage to a United States citizen; (2) his interest in living with his wife as a spouse; and (3) his interest in petitioning the Government to have himself declared his wife's husband.  As a result, Petitioner asks this Court to conclude that Petitioner is lawfully married, that the USCIS reached the wrong conclusion in denying the immediate-relative petition, and that the immigration judge's removal order was, therefore, invalid.  (*See* Habeas Doc. No. 15 at 2 (stating that he "still ask[s] the court to help [him] by subpoena [sic] the USCIS Director to approve [sic] my adjustment of status application.  Once the application is approved I can re-open the case and apply for waiver and I will be released").)  Therefore, every aspect of the habeas Petition is based on this Court determining the validity of the order of removal.  This Court, however, has no jurisdiction to determine the validity of the order of removal, and therefore has no jurisdiction to grant his Petition for a Writ of Habeas Corpus on this ground.  Petitioner's exclusive means of review was through filing a petition for review of the removal order with the appropriate court of appeals.  *See* 8 U.S.C. § 1252(a)(5) (providing that the exclusive means for review of an order of removal is through filing a petition with an appropriate court of appeals); *Codina*

*v. Cherthoff*, Civil No. 06-4048 (JNE/FLN), 2007 WL 1582670, at *3-6 (D. Minn. May 30, 2007).[4]

For the foregoing reasons, this Court recommends that the Petition in the Habeas Case (Civ. No. 08-2450 (JRT/JJK)) be denied and the action be dismissed with prejudice.

Respondents also seek an order from this Court forcing Petitioner to cooperate with Respondents' efforts to deport him.  However, Respondents have provided no support for their argument that such an ill-defined order is within this Court's authority to issue in ruling upon the Petition.  Nor have Respondents explained how the enforcement powers vested in the immigration authorities are somehow inadequate to carry out the removal order.  Respondents' request should be denied.

---

[4] On January 23, 2009, Respondents in the Habeas Case filed their Supplemental Response to Petition and Order to Show Cause.  (Habeas Doc. No 16.)  This supplemental response addresses the propriety of Petitioner's continued detention under the framework established by *Zadvydas* and the immigration laws.  Petitioner's only argument in the Petition presently before this Court regarding his detention is based on the validity of his marriage.  Petitioner has presented no argument and no evidence regarding the propriety of his continued detention beyond the presumptively reasonable period (i.e., the 180 days after his removal order became final).  *See* 8 U.S.C. § 1231(a); *Zadvydas*, 533 U.S. at 689 (holding that the post-removal-period statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States); *see also id.* at 701 (stating that an alien challenging his confinement beyond the six-month post-removal period ha the initial burden of "provid[ing] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future . . . ").  Because the issue regarding the propriety of Petitioner's continued detention has not been raised, and there is no justiciable controversy upon which this Court may presently rule, this Court renders no opinion on that issue at this time.

## IV.     RECOMMENDATION

Based on the foregoing,

**IT IS HEREBY RECOMMENDED** that:

1.      In Civ. No. 08-2450 (JRT/JJK):

    a.      Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254 (Habeas Doc. No. 1), be **DENIED**;

    b.      The action be **DISMISSED WITH PREJUDICE**;

    c.      Respondents' request for an order forcing Petitioner to cooperate with Respondents' deportation efforts be **DENIED**;

2.      In Civ. No. 08-652 (JRT/JJK):

    a.      The Petition for Immediate Relative Status Approval Pending at USCIS (Mandamus Doc. No. 1), be **DENIED**; and

    b.      The action be **DISMISSED WITH PREJUDICE**.

Date: January 26, 2009

                                        *s/ Jeffrey J. Keyes*
                                        JEFFREY J. KEYES
                                        United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 12, 2009**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of

Appeals.